KEB

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Bryant, | No. CV-25-01702-PHX-JAT-CDB |
| Plaintiff, | |
| v. | **ORDER** |
| Arizona, State of, et al., | |
| Defendants. | |

**I.   Procedural History**

On April 10, 2025, Plaintiff Kenneth Bryant, who is not in custody, filed a Complaint (Doc. 1-1 at 5–8)[1] in the Superior Court of Maricopa County, Arizona, against the State of Arizona, the City of Phoenix, and the Phoenix Police Department. On May 19, 2025, Defendants City of Phoenix and Phoenix Police Department ("Removing Defendants") filed a Notice of Removal (Doc. 1) and removed the case to this Court. One day later, Removing Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 4), which is fully briefed (Doc. 6; Doc. 8). On June 3, 2025, Plaintiff filed a Motion to Remand to State Court (Doc. 7).

. . .

. . .

. . .

---

[1] The citation refers to the document and page number generated by the Court's Case Management/Electronic Case Filing system.

## II. Removal and Motion to Remand

### A. The Parties' Filings

In their Notice of Removal, Removing Defendants assert that the Court "has original jurisdiction pursuant to 28 U.S.C. § 1331" because Plaintiff "has asserted claims of violation of his Civil Rights pursuant to 42 U.S.C. § 1983, including allegations of malicious prosecution." (Doc. 1 at 2.)

In his Motion to Remand, Plaintiff requests the Court remand the case back to the state court. He asserts that "this Court lacks subject matter jurisdiction" because "no federal question is presented" on the face of his Complaint. (Doc. 7 at 2.) Plaintiff states that instead, "the state court has jurisdiction" over this matter "because the Complaint arises under the laws of the Arizona State Constitution as well as other established state law." (*Id.* at 1.) Specifically, Plaintiff states that his Complaint "involves a malicious prosecution claim under Arizona law, as outlined in [*Bradshaw v. State Farm Mut. Auto. Ins. Co.*, 157 Ariz. 411, 758 P.2d 1313 (1988)] and as applied in [*Gonzalez v. City of Phoenix*, 203 Ariz. 152, 52 P.3d 184 (2002)]." (*Id.* at 2.)

### B. Discussion

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction" and the burden of establishing jurisdiction is on the party asserting jurisdiction. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A state court defendant may remove to federal court any civil action brought in the state court over which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

"The removal statute is strictly construed against removal jurisdiction." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  The party invoking the statute bears the burden of establishing federal jurisdiction.  *Id.*  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

The plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.  A plaintiff, therefore, may choose to have a case heard in state court "by eschewing claims based on federal law." *Id.* at 399.  Removing Defendants state in their Notice of Removal that Plaintiff "has asserted claims of violation of his Civil Rights pursuant to 42 U.S.C. § 1983, including allegations of malicious prosecution." (Doc. 1 at 2.)  However, although Plaintiff cites federal cases as relevant law in his Complaint, Plaintiff does not explicitly allege that Defendants violated his federal constitutional rights or that his claim arises under federal law.

At best, Plaintiff's statements in the Complaint are ambiguous.  But ambiguity is resolved in favor of remand.  *Hunter*, 582 F.3d at 1042.  Moreover, Plaintiff has cleared up any ambiguity by clearly indicating in his Motion to Remand that his Complaint "involves a malicious prosecution claim under Arizona law," and that there is "no federal question" presented on the face of his Complaint.  (Doc. 7 at 2.)  The Court will construe this statement as evidence of Plaintiff's intent to eschew any claims based on federal law.  *See Leon v. Securaplane Techs., Inc.*, 2009 WL 3157176 at *3 (D. Ariz. Sept. 24, 2009) (granting motion to remand where language of complaint was unclear but plaintiff demonstrated through a motion to remand that he intended to allege only state law claims and eschew claims based on federal law); *see also Tate v. Nakashyan*, 2019 WL 8333576, at *3 (E.D. Cal. Dec. 17, 2019) (noting that plaintiff's complaint was ambiguous because it mentioned "standards typically present in . . . § 1983 causes of action," but construing plaintiff's objections indicating he did not intend to assert any claims based on federal law

as "evidence of Plaintiff's intent to 'eschew claims based on federal law' and as a waiver of federal claims to the extent any are asserted in the Complaint, which he may do as the master of his complaint"), *report and recommendation adopted*, 2020 WL 1547895 (E.D. Cal. Apr. 1, 2020).  Thus, the Court will grant Plaintiff's Motion to Remand and will remand this case to the Superior Court of Maricopa County.

**III.    Motion to Dismiss**

Because the Court is remanding this case for lack of subject matter jurisdiction, it will deny Removing Defendants' Motion to Dismiss as moot.

**IT IS ORDERED:**

(1)    Plaintiff's Motion to Remand to State Court (Doc. 7) is **granted**.  This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

(2)    The Motion to Dismiss (Doc. 4) is **denied as moot**.

(3)    The Clerk of Court must mail a **certified copy** of this Order to:
Joseph W. Malka
Clerk of the Superior Court
Maricopa County, Arizona Superior Court
201 West Jefferson
Phoenix, Arizona 85003-2205

(4)    The Clerk of Court must close this federal case.

Dated this 23rd day of July, 2025.

James A. Teilborg
Senior United States District Judge